UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Eric Harvey, #486968,

       Plaintiff,                          Hon. Paul L. Maloney

v.                                                Case No. 1:20-cv-517

M. Depky, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

      This matter is before the Court on Defendant Ward's Motion for Summary Judgment (ECF No. 17) and Defendant Depky's Motion for Summary Judgment (ECF No. 31). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant Ward's motion be granted, and that Defendant Depky's motion be granted in part and denied in part. Moreover, the undersigned recommends that the Court should exercise is authority under 28 U.S.C. § 1915(e)(2) to dismiss the only exhausted claim – that Defendant Depky retaliated against Plaintiff by confiscating his seasoning – as it fails to state a claim. If these recommendations are accepted, the case should be terminated.

-1-

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Brooks Correctional Facility (LRF). The events giving rise to this action occurred at the Carson City Correctional Facility (DRF). Plaintiff initiated this action against DRF Correctional Officers Michael Depky and Robert Ward. In his complaint (ECF No. 3) Plaintiff alleges the following.

On March 16, 2018, Plaintiff was laid off from his prison job as a cook, pending investigation of an unspecified matter. After being cleared of misconduct, Plaintiff returned to work on June 1, 2018. That afternoon, Defendant Depky challenged Plaintiff regarding his presence in Food Service. Plaintiff explained that he had been returned to his position and was not out of place. Later that day, Depky discovered that Plaintiff possessed a personal bottle of seasoning. Depky confiscated this item and informed Plaintiff that the seasoning was contraband because kitchen workers were not allowed to bring seasoning to the kitchen. Plaintiff disagreed, but Depky responded by threatening to charge Plaintiff with a major misconduct and get him fired from his job.

On June 10, 2018, Plaintiff attended his gym call-out. When he arrived, however, Defendant Ward asked Plaintiff why he was late. Plaintiff responded that he had been called to the control center. When Ward asked why, Plaintiff told him that it was none of his business. The following day, Ward charged Plaintiff with being out of place. Plaintiff was found guilty of this charge.

On or about March 14, 2019, Defendant Ward conducted a search of Plaintiff's cell. This search revealed items Ward confiscated as contraband. The following day, Plaintiff was informed that Defendant Ward had pressured CO Henry, a new employee, to charge Plaintiff with disobeying a direct order. Plaintiff was found guilty of this charge and was removed from his food service job.

Plaintiff asserted the following causes of action: (1) Defendants Depky and Ward retaliated against him for speaking out and filing grievances; (2) Defendant Depky confiscated his property in violation of his right to due process; (3) Defendants Depky and Ward violated his right to equal protection of the law; and (4) Defendants Depky and Ward verbally abused him. Plaintiff's due process, equal protection, and verbal abuse claims were dismissed on screening. (ECF No. 5). At this juncture, the only claims remaining are Plaintiff's retaliation claims. Defendants Depky and Ward now move for summary judgment on the ground Plaintiff has not properly exhausted his administrative remedies. Plaintiff has responded to these motions.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, - - - F.3d - - -, 2021 WL 1257802 at *4 (6th Cir., Apr. 6, 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S.

199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ P (July 9, 2007); MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ V (July 9, 2007); MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in

a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ R (July 9, 2007); MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ BB (July 9, 2007); MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ FF (July 9, 2007); MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019). The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

Plaintiff asserts four separate retaliation claims: (1) on June 1, 2018, Defendant Depke threatened to charge Plaintiff with a misconduct; (2) on June 1, 2018, Depke confiscated Plaintiff's bottle of seasoning; (3) on June 11, 2018, Defendant Ward charged Plaintiff with a misconduct violation; and (4) Ward pressured CO Henry to charge Plaintiff with a misconduct violation.

**I.     Defendant Ward**

Plaintiff alleges that Ward retaliated against him by charging him with a misconduct violation and later pressuring another prison official to charge him with a misconduct violation. MDOC Policy provides that "decisions made in hearings conducted by hearing officers" are non-grievable and, therefore, cannot be exhausted through the prison grievance process. MDOC Policy Directive 03.02.130 ¶ (F)(2) (effective July 9, 2007); MDOC Policy Directive 03.02.130 ¶ J (Mar. 18, 2019).

As the Sixth Circuit has held, to properly exhaust a claim that a misconduct charge was asserted for retaliatory reasons, the prisoner must assert the claim during the initial misconduct hearing. In *Siggers v. Campbell*, 652 F.3d 681 (2011), Siggers filed a grievance alleging that a prison employee falsely charged him with a misconduct violation. *Id.* at 690. The grievance was rejected, however, on the ground that issues directly related to the hearing process are not grievable. *Id.* at 690-94. Siggers later sued alleging, in part, that the prison official "wrote bogus and unsubstantiated misconduct reports against him." *Id.* at 684. The district court, however, determined that Siggers had failed to properly exhaust this claim. *Id.* at 691-92.

Siggers appealed the matter to the Sixth Circuit arguing that because his attempts to pursue the matter through all three steps of the prison grievance process were thwarted, his claim should be deemed exhausted. *Id.* at 694. The court disagreed, however, on the ground that Siggers' attempts to resolve the matter through the prison grievance process were irrelevant. As the court concluded, because the

grievance in question concerned the issuance of a misconduct charge, Siggers was obligated to raise his claim that the charge was improperly motivated during the misconduct hearing. *Ibid.*; *see also, Smith v. Goulet*, 2018 WL 3688468 at *2 (W.D. Mich., Aug. 3, 2018) ("the ordinary grievance procedure does not apply to disputes arising out of misconduct hearings, the prisoner must instead raise the issue in the misconduct hearing"); *Miller v. Klee*, 2018 WL 1354473 at *5 (E.D. Mich., Feb. 23, 2018) ("a prisoner claiming that the issuance of a misconduct ticket constitutes retaliation, must raise that issue during the first misconduct hearing in order to exhaust administrative remedies").

In support of his motion for summary judgment, Defendant has submitted copies of the misconduct hearing reports for the two charges in question. (ECF No. 18-4, PageID.158-62). Nothing in this evidence suggests Plaintiff raised the issue of retaliation during his misconduct hearings. Moreover, Plaintiff has presented no evidence that he raised his retaliation claims during his misconduct hearings. While Defendant bears the burden on the question of exhaustion, he is nonetheless entitled to summary judgment if the evidence does not reasonably support an inference that Plaintiff asserted his claim of retaliation during his misconduct hearings. The evidence contains nothing supporting such an inference. Accordingly, the undersigned recommends that Defendant Ward's motion for summary judgment be granted.

## II. Defendant Depky

Plaintiff alleges that, on June 1, 2018, Depky threatened to charge him with a misconduct violation and later confiscated his bottle of seasoning. In support of his motion, Defendant has submitted evidence that during the time period in question, Plaintiff pursued three grievances through all three steps of the grievance process. (ECF No. 18-3, PageID.133-56). None of these grievances concern Plaintiff's retaliation claims against Defendant Depky.

Grievance DRF-18-04-0825-2g concerns Plaintiff's complaint that he was improperly taken off his work assignment on March 16, 2018. (ECF No. 18-3, PageID.151-56). Grievances DRF-18-12-3205-28j and DRF 19-04-0935-27a both concern Plaintiff's claims that certain misconduct convictions should be overturned. (*Id.*, PageID.135-50). Thus, these grievances fail to exhaust Plaintiff's claims against Defendant Depky. In response, Plaintiff has presented evidence regarding two additional grievances he pursued.

On July 20, 2018, Plaintiff submitted grievance DRF-18-07-1820-27a alleging that his conviction for a certain misconduct violation should be reversed. (ECF No. 25-4, PageID.244-47). Plaintiff has presented no evidence that he pursued this grievance through all three steps of the prison grievance process. Moreover, this grievance does not concern his remaining claims against Defendant Depky. Thus, this grievance does not serve to exhaust any of Plaintiff's remaining claims against Depky.

On June 2, 2018, Plaintiff submitted grievance DRF-18-06-1401-17a alleging that Defendant Depky "took [his] seasoning to be spiteful." (ECF No. 25-2, PageID.231). Plaintiff's Step I grievance was denied on the merits, but Plaintiff's Step II grievance was rejected as untimely. (*Id.*, PageID.231-35). Plaintiff claims that he pursued the matter to Step III, but that he never received a response to his Step III grievance. (*Id.*, PageID.236). This evidence is sufficient to deny Defendant's motion on exhaustion grounds. Nevertheless, Plaintiff's claim that Defendant Depky retaliated against him by confiscating his seasoning fails to state a claim and must, therefore, be dismissed.

Because Plaintiff is proceeding as a pauper, his claims are subject to dismissal if such are frivolous, malicious, or fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that. . .the action or appeal. . .fails to state a claim on which relief may be granted").

A claim must be dismissed for failure to state a claim unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply

pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

To prevail on his retaliation claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010). Plaintiff's claim fails because he cannot establish that deprivation of a bottle of seasoning is sufficient to deter a person of ordinary firmness from engaging in constitutionally protected conduct. *See, e.g., Cheatham v. Benson*, 2017 WL 5150788 at * (W.D. Mich.,

Nov. 7, 2017) (when the alleged adverse action is "inconsequential resulting in nothing more than a de minimis injury, the claim is properly dismissed as a matter of law").

Accordingly, the undersigned recommends that Defendant's Depke's motion for summary judgment be granted as to Plaintiff's claim that Depky threatened to charge Plaintiff with a misconduct violation. With respect to Plaintiff's claim that Depky confiscated his bottle of seasoning, the undersigned recommends that Defendant's motion be denied but that Plaintiff's claim be dismissed for failure to state a claim.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant Ward's Motion for Summary Judgment (ECF No. 17) be granted, and Plaintiff's remaining claims against Ward be dismissed for failure to properly exhaust administrative remedies. The undersigned recommends that Defendant Depky's Motion for Summary Judgment (ECF No. 31) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff's claim that Depky threatened to charge Plaintiff with a misconduct violation be dismissed for failure to properly exhaust administrative remedies, but that Plaintiff's claim that Depky confiscated his bottle of seasoning not be dismissed on exhaustion grounds, but instead be dismissed for failure to state a claim. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the

undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                                      Respectfully submitted,

Date: October 8, 2021                                 /s/ Phillip J. Green
                                                               PHILLIP J. GREEN
                                                               United States Magistrate Judge